1

2

3

4

5

6

7

8                              **IN THE UNITED STATES DISTRICT COURT**

9                              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    GEZO EDWARDS,                              No.  2:24-CV-0887-DMC-P

12                        Petitioner,

13            v.                                 ORDER

14    B. M. TRATE,                               and

15                        Respondent.            FINDINGS AND RECOMMENDATIONS

16

17            Petitioner, a federal prisoner proceeding pro se, brings this petition for a writ of

18    habeas corpus under 28 U.S.C. § 2241.  Pending before the Court is Respondent's motion to

19    dismiss petition for a writ of habeas corpus, ECF No. 13.  Also pending before the Court is

20    Petitioner's motion for summary judgment, ECF No. 19.

21

22                                    **I. BACKGROUND**

23        A.      **Petitioner's Claims**

24            Petitioner requests "expungement of [his] prison discipline record germane to

25    Incident Report No. 3613940," arguing that the Unit Discipline Committee (UDC) process

26    violated Petitioner's due process rights. ECF No. 2, pgs. 7-8. Incident Report No. 3613940 arose

27    from an allegation that Petitioner was in possession of unauthorized food items on April 5, 2022.

28    See id. at 20.  Petitioner contends that the UDC was conducted by just one committee member

                                              1

1  and Petitioner was not provided a timely written decision. See id. at 7. Further, Petitioner argues

2  he was denied the opportunity to present witnesses and evidence in defense of himself, "the

3  incident report is deficient on its face," and the "unreasonable delay in delivering the incident

4  report" hindered his ability to properly appeal. Id. at 8. Finally, Petitioner contends the "combined

5  affects" of his previously asserted claims "prejudiced" Petitioner. Id. at 9. Petitioner asserts these

6  errors violated his right to due process. See ECF No. 21, pg. 4. Petitioner appealed the UDC

7  decision on June 12, 2023, and again on August 22, 2023. See ECF No. 2 at 3.

8        Petitioner acknowledges he is serving a life sentence, which generally would make

9  him ineligible for habeas relief seeking expungement because it does not have the potential to

10 shorten his incarceration. See ECF No. 21, pg. 2. However, Petitioner asserts this Court has

11 jurisdiction and his claim is properly brought under § 2241 because Petitioner is seeking

12 compassionate release and therefore, his disciplinary record may impact his release date. See id.

13 at 2-3. Petitioner argues compassionate release is distinguishable from parole, which Petitioner

14 concedes that courts have established is "too attenuated to invoke" a habeas request for

15 expungement of a disciplinary record. See id. at 2.  According to Petitioner,

16 compassionate release under 18 U.S. Code § 3582 requires consideration of "'the history and

17 characteristics of the defendant,'" which Petitioner contends is "inseparably tied to a prisoner's

18 disciplinary record." ECF No. 21, pg. 3 (quoting 18 U.S.C. § 3553 (a)(1)).

19       With regard to Petitioner's motion for summary judgment, Petitioner argues that

20 because the government failed to provide Petitioner a copy nor serve Petitioner with their motion

21 to dismiss, Petitioner is entitled to summary judgment. See ECF No. 19. Petitioner contends this

22 is in violation of the Federal Rules of Civil Procedure and due to such failure, Petitioner's motion

23 for summary judgment should be granted, and the incident should be expunged from his record.

24 See id.  Prior to the motion for summary judgment, on February 7, 2025, Petitioner filed a notice

25 informing the Court and government that he had not received a copy of the motion to dismiss. See

26 ECF No. 18, pg. 1 Petitioner asserts that he was informed of the filing on January 14, 2025, when

27 he received a docket sheet from the clerk. See id.

28 / / /

1    **B.    Respondent's Position**

2         In the answer, Respondent first argues that Petitioner's disciplinary decision was

3    supported by "physical evidence, direct law enforcement observation, contemporaneous

4    supporting documentation plus memoranda, and subsequent confession," which is sufficient to

5    meet the standard required by the Supreme Court. See ECF No. 13, pg. 4 (citing Superintendent,

6    Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1985)). Second, Respondent contends that the

7    "Wolff due process safeguards are not implicated" because Petitioner does not have a

8    constitutionally protected liberty interest in his prison discipline record. See id. at 5 (citing Wolff

9    v. McDonnell, 418 U.S. 539 (1974)). And finally, Respondent asserts that this Court lacks subject

10    matter jurisdiction because the length of Petitioner's prison term is not impacted by the discipline

11    record Petitioner challenges. See id. at 5-6.

12

13                                **II. DISCUSSION**

14    **A.    Petitioner's Motion for Summary Judgment**

15         Petitioner requests summary judgment asserting that Respondent failed to properly

16    serve Petitioner with the motion to dismiss. See ECF No. 19. Petitioner additionally provided a

17    statement from the Supervisory Correctional Systems Specialist stating that "Mr. Edwards did not

18    receive your letter from the court[1] until December 4, 2024, due to a delay in mail processing . . . I

19    am requesting you provide Mr. Edwards with additional time to work on his case." ECF No. 18 at

20    3. Petitioner states that he learned of the motion to dismiss when he received "a docket sheet from

21    the Clerk" on January 12, 2025. See id. at 1.

22         Respondent's motion to dismiss included a certificate of service asserting that the

23    motion to dismiss was placed in an envelope with proper postage and address for Petitioner on

24    September 4, 2024. See ECF No. 13, pg. 7.

25    / / /

26

27    _____

[1]      It is unclear what the December 4, 2025, letter indicated in the attached statement was,
28    and whether it was Respondent's motion to dismiss. However, this fact does not impact whether
service was effectuated here.

1    Local Rule 135 requires that individuals not registered for electronic filing, such as

2  a prisoner or pro se litigant, be "conventionally served" in accordance with the Federal Rules of

3  Civil Procedure. See L. R. 135. Federal Rule of Civil Procedure 5 (b)(2)(C) permits service by

4  "mailing it to the person's last known address—in which event service is complete upon mailing."

5  Fed. Rule Civ. Pro. 5 (b)(2)(C).

6    Here, Respondent's motion to dismiss included proof of service that stated a copy

7  of the motion to dismiss was mailed to Petitioner's last known address on September 4, 2024. See

8  ECF No. 13, pg. 7. Service of the motion to dismiss was complete upon such mailing on

9  September 4, 2024. See L. R. 135; Fed. Rule Civ. Pro. 5 (b)(2)(C). Thus, the undersigned

10  recommends Petitioner's motion for summary judgment, ECF No. 19, be denied.

11    **B.    Eligibility for Habeas Relief**

12    Respondent argues that this court lacks subject matter jurisdiction because

13  expunging the incident from Petitioner's discipline record "would not shorten petitioner's

14  confinement." ECF No. 13, pg. 5. Petitioner contends that he is eligible for habeas relief because

15  of the impact his disciplinary record may have on his motion for compassionate release. See ECF

16  No. 21, pg. 2. This Court finds that Petitioner's claim is not cognizable because it does not fall

17  within the core of habeas corpus and therefore, Respondent's motion to dismiss should be

18  granted.

19    When a state prisoner challenges the legality of his custody – either the fact of

20  confinement or the duration of confinement – and the relief he seeks is a determination that he is

21  entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of

22  habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). If a petitioner's claim does

23  not lie at "'the core of habeas corpus,'" as established in Preiser, "it may not be brought in habeas

24  corpus." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (quoting Preiser v. Rodriguez, 411

25  U.S. 475, 487 (1973)); C.f. Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011).

26    Respondent analogizes Petitioner's claim to the Ninth Circuit case Nettles, where a

27  prisoner sought §2254 habeas relief in the form of expungement of a disciplinary record. See ECF

28  No, 13, pg. 6. This Court finds the analysis in Nettles instructive. Nettles argued that his

4

1   disciplinary record "delayed his parole hearing and constituted grounds for future denial of

2   parole," and his claim falls within habeas because expungement of that record would "accelerate

3   his eligibility for parole." Nettles, 830 F.3d at 927. There, the Court determined that because

4   parole determination was "in the discretion of the parole board . . . [and] success on Nettles's

5   claims would not even necessarily lead to an earlier parole hearing . . . Nettles's claims would not

6   necessarily lead to his immediate or earlier release from confinement." Id. at 935. Based on that

7   analysis, the Court held that Nettles's claim "does not fall within 'the core of habeas corpus,'"

8   and Nettles was therefore ineligible for habeas relief. See id.

9       Here, Petitioner asserts that he is seeking compassionate release under 18 U.S.

10  Code § 3582, which requires consideration of "the history and characteristics of the defendant."

11  18 U.S.C. § 3553 (a)(1). Petitioner contends that consideration is "inseparably tied to a prisoner's

12  disciplinary record" and, in support of that contention, Petitioner provides a string of citations to

13  cases where courts consider disciplinary records when determining eligibility for compassionate

14  release. ECF No. 21, pg. 3.

15      The Court disagrees with Petitioner and finds compassionate release to be

16  analogous to parole eligibility, as addressed by the Ninth Circuit in Nettles. As the Ninth Circuit

17  found with parole, compassionate release is discretionary, expungement of a disciplinary record

18  "would not even necessarily result" in compassionate release, and therefore, Petitioner's "claims

19  would not necessarily lead to his immediate or earlier release from confinement." Nettles, 830

20  F.3d at 935. While Petitioner is correct that a disciplinary record *may* be considered when

21  determining whether compassionate release is appropriate, the existence of Petitioner's

22  disciplinary record would not dispositively impact Petitioner's compassionate release motion and,

23  in turn, his release date. Petitioner may still be eligible for compassionate release with his

24  disciplinary record, as nothing in the statute requires that prisoners have a clear record to be

25  eligible. Further, even if Petitioner's record were expunged, a clear disciplinary record is not

26  decisive for compassionate release. As such, Petitioner's claim "does not fall within 'the core of

27  habeas corpus,'" and is therefore not cognizable. Nettles, 830 F.3d at 935. Thus, the undersigned

28  will recommend that Respondent's motion to dismiss be granted.

5

1          **C.      Recharacterizing Petitioner's Claim**

2                  When a habeas corpus action is filed which may state claims cognizable under §

3    1983, the district court may recharacterize the action as a civil rights action where the action is

4    amenable to such recharacterization.  See Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016)

5    (en banc).  A habeas action is amendable to recharacterization when it names the correct

6    defendants and seeks the correct relief.  See id.  If the district court is inclined to recharacterize a

7    habeas action as a civil rights action, it may only do so after "notifying and obtaining informed

8    consent from the prisoner."  Id.

9                  The undersigned recommends that the District Judge decline to recharacterize

10   Petitioner's claim as a civil rights action because Petitioner named the warden as Defendant, not

11   the individuals involved in Petitioner's disciplinary hearing. See ECF No. 2, pg. 1.

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

**III. CONCLUSION**

Accordingly, IT IS HEREBY ordered and recommended as follows:

1.      It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2.      It is RECOMMENDED Petitioner's motion for summary judgment, ECF No. 19, be denied.

3.      It is RECOMMENDED Respondent's motion to dismiss, ECF No. 13, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 5, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE